Owen, C. «J.
I. The defendant was elected auditor of Hamilton county on the second Tuesday of October, 1883, for tbe term of three years, beginning on the second Monday of November, 1883, and to expire on the second Monday of November, 1886.
The election was held under article 10, section 2 of the con-, stitution, which ordained that “ county officers shall be elected on the second Tuesday of October, until otherwise directed by law, by the qualified electors of each county, in such manner and for such terms, not exceeding three years, as may be provided by law,” and section 1013 of the Revised Statutes, which provided that “ a county auditor shall be *591 elected triennially, in each county, at the fail election, who shall hold his office for three years from the second Monday of November next after his election.”
At the October election of 1885, the above provision of the constitution was so amended as to read: “ County officers shall be elected on tha first Tuesday after the first Monday in November by the electors of each county in such manner and for such term, not exceeding three years, as may be provided by law.”
On May 18, 1886, section 1013, Revised Statutes, was so amended as to read : “ The county auditor shall be chosen triennially in each county, who shall hold his office for three years, commencing on the second Monday in September next after his election.”
Under these provisions, as amended, Ered Raine was, at the November election of 1886, elected auditor of Hamilton county for a term of three years, to begin on the second Monday of September, 1887, thus leaving a period of ten months between the expiration of Brewster’s term and the commencement of Raine’s.
On the 10th day of November, 1886, the commissioners of Hamilton county, acting under the supposed authority of section 1017 of the Revised Statutes, which provides that “ when a vacancy happens in the office of county auditor, from any cause, the commissioners of the county shall appoint some suitable person, resident of the county, to fill such vacancy,” appointed Raine county auditor to fill such vacancy. He has qualified, given bond, and claims the right to hold the office.
Brewster claims the right to hold the office until the beginning of Raine’s term — second Monday of September, 1887 — under section 8 of the Revised Statutes, which provides that “any person holding an office or public trust shall continue therein until his successor is elected or appointed and qualified, unless it is otherwise provided in the constitution' or laws.”
The present proceeding is prosecuted to oust Brewster *592 from, and. induct Raine into, the auditorship of Hamilton county.
The counsel for the parties to this controversy are in full accord upon three propositions : 1. That the term of office of Brewster was limited by the constitution to three years. 2. That it was not competent for the general assembly to extend his term beyond that limit. 3. That upon the ex-juration of his term — second Monday of November, 1886— there was a vacancy in the office. When we shall have determined how this vacancy may lawfully be filled, the controversy before us will be solved.
Article 2, section 27, of the constitution ordains that “ the election and appointment of all officers, and the filling of all vacancies not otherwise provided for by this' constitution, or the constitution of the United States, shall be made in such manner as may be directed by law.”
To effectuate this provision, so far as it relates to auditors, the general assembly, as we have seen, has enacted (section 1017, supra) that the commissioners of the county shall appoint some suitable person, resident of the county, to fill a vacancy in the office of auditor.
.Raine asserts his claim to the office held by Brewster by virtue of the appointment made in pursuance of this provision. Brewster’s claim is based upon the assumption that section 8. of the Revised Statutes, cited supra, was enacted to provide for filling such vacancies as existed in the case before us; and that if there is any conflict between this and section 1017, supra, the latter must yield to the former, which works a repeal by implication of section 8, being a later enactment.
The assumption of counsel, that there is no power in the general assembly to extend the term of an office which is limited by the constitution, is abundantly warranted by the case of State v. Howe, 25 Ohio St. 588, where it is said by Mcllvaine, C. J.: “After a careful examination of the question, in the light of both principle and authority, we are ie.d to the conclusion that the general assembly may provide against the occurrence of vacancies by authorizing *593 incumbents to hold over their terms in eases where the duration of their tenures is not fixed and limited by the constitution.” Also, “ in cases where the duration of the tenure of office is limited by the constitution, of course its duration can not be extended by statute.”
If the provision of section 8, that any person holding an office shall continue therein until his successor is elected or appointed and qualified, is to be given the effect contended for, it is not easy to see why this is not an extension of the duration of the office by statute beyond the limitation prescribed by the constitution.
Section 8 is as much a general law as that providing for the election of auditors for three years, and if the two, construed together, are to be held to authorize a holding over after the expiration of the term of three years, what stands in the way of enacting them in one section instead of two ? And what would be said of an enactment which, in the face of this plain constitutional limitation of three years, should provide that “ county auditors shall hold their offices for three years, and until their successors shall be elected and qualified?” Would anybody seriously 'contend that such legislation would be constitutionally valid?
It is certainly by a confused process of reasoning that it is contended that the same provision (section 8), which authorizes a holding over beyond the term and thus extends the duration of the office, is also a provision for filling a vacancy. If we give it the effect contended for, there is no “ vacancy ” to fill. The incumbent is rightfully in office and destined to remain there of right until the beginning of the term of his successor by election.
“ That the framers of the constitution, in providing for filling vacancies in office, did not regard an office as vacant, when an incumbent might lawfully hold over his definite term until a successor was elected or appointed and qualified, is manifest from other provisions in the instrument.” State v. Howe, 25 Ohio St. 596, per Mellvaine, C. J.
Then it should be borne in mind that the provision of *594 section 8 that an officer shall continue in his office until his successor is elected or appointed and qualified is subject to the qualification “ unless it is otherwise provided in the constitution or laws.” We find it “ otherwise provided” in the constitutional limitation of the term of this office to three years; and “ otherwise provided ” by the law which authorizes the county commissioners to fill the vacancy in the auditor’s office by appointment. Section 1017.
' We cau not not, without violence to its language, hold this latter provision to have been repealed by any rational implication from section 8, and the legislative intention that the former section (1017) should point out the mode of • filling such vacancy as existed in the present case seems too clear for serious controversy.
II. It is further maintained that the approval of the board of control of Hamilton county was necessary to give vitality to the order of appointment of the commissioners. We are unanimously of the opinion that this position is untenable.
The views above expressed lead us to the conclusion that:
1. The term of office of Brewster having been fixed and limited by the constitution, there is no power in the general assembly to exteud his term or tenure of office beyond the time so limited. ■
2. Section 8, Revised Statutes, does not have the effect to continue Brewster in office beyond his term of three years.
3. Section 1017, Revised Statutes, authorized the county commissioners to fill the vacancy so created, and their appointee, having duly qualified, is entitled to fill the office until the commencement of Raiue’s term of office — the second Monday of September, 1887.
4. The concurrence of the board of control of Hamilton county was not necessary to give vitality to such appointment.

Judgment of ouster and induction.

Eollett, J., dissents.